

**FILED**
**Sep 26, 2024**
**02:17 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Carma Kean | ) Docket No. 2023-06-4955 |
| | ) |
| v. | ) State File No. 21448-2022 |
| | ) |
| Navion BKE Bellevue, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee sustained injuries to her knees, right hand, and back when she tripped and fell at work. The employer authorized medical treatment for the injuries, and each authorized doctor released the employee from treatment and assigned ratings of 0% permanent medical impairment. The employee filed a petition disputing the extent of her impairments, asserting that two providers had indicated she retained some degree of permanent impairment arising from the work accident. The employer filed a motion for summary judgment, contending that no genuine issue of material fact existed regarding the employee's lack of permanent impairment as a result of her work injuries. After a hearing, the court granted the employer's motion and issued a compensation order finding the employee was not entitled to permanent disability benefits but ordering the employer to continue providing reasonable and necessary medical treatment for the employee's compensable injuries. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's order and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Carma Kean, Nashville, Tennessee, employee-appellant, pro se

John W. Barringer, Jr., Nashville, Tennessee, for the employer-appellee, Navion BKE Bellevue, LLC

**Factual and Procedural Background**

On February 7, 2022, Carma Kean ("Employee") suffered injuries to her knees and right hand after she tripped and fell at work. In April, Employee reported experiencing pain in the center of her back, which she believed was also related to the initial fall in February. Navion BKE Bellevue, LLC ("Employer") accepted Employee's claims and initially authorized medical treatment at Care Now Urgent Care. When she did not improve, the treating provider referred her to an orthopedic specialist. Employer provided a panel from which Employee selected Dr. Stuart Smith. Upon seeing Dr. Smith, Employee reported bilateral knee pain and denied any history of pain in either knee prior to her fall, stating that her left knee "hurts her as much as the right" and that she had a "stretching feeling anteriorly" with tightened knees. Dr. Smith noted that Employee was not walking with a limp and that both knees had full range of motion with no swelling. X-rays of both knees were normal, and Dr. Smith determined she was "primarily symptomatic from patellofemoral chondromalacia bilaterally" noting that he believed "a fall on her knee has exacerbated that." Dr. Smith provided conservative treatment, including physical therapy and medication, and placed Employee on light duty restrictions. In September, Dr. Smith ordered an MRI of both knees, which revealed mild chondromalacia of the left knee and moderate chondromalacia of the right knee. Dr. Smith released Employee at maximum medical improvement on November 1, 2022, and assigned no restrictions and 0% permanent anatomical impairment for her knees.

Employee obtained authorized treatment for her back from Dr. Ryan Snowden. During her initial examination in August 2022, Employee was seen by a physician's assistant, who assessed Employee with midback pain and midback sprain. A physical examination and imaging of Employee's thoracic spine were "unremarkable for any acute or chronic issue seen." She was prescribed physical therapy, anti-inflammatories as needed, and work restrictions of no lifting greater than 10 pounds, no patient contact, and no pushing and pulling. The medical note signed by the physician's assistant and Dr. Snowden noted that Employee's "symptoms are greater than 51% related to work-related injury." In October, Employee was seen again, this time by Dr. Snowden, and he noted that objective studies "showed no evidence of fractures or acute or chronic issue." Dr. Snowden completed a Form C-30A on October 23, 2022, which indicated Employee had a 1% whole body impairment rating. Thereafter, Employee returned to Dr. Snowden in December, and he noted that Employee's imaging was "consistent with age-appropriate spondylolysis with low back pain" and recommended physical therapy with a "return to unrestricted duties and placement at MMI." He determined that objective imaging revealed "age-appropriate degenerative changes with minimal aggravation of preexisting degenerative issues" and changed his rating to 0% permanent anatomical impairment. On January 30, 2023, Dr. Snowden stated in his medical notes that Employee was "released" from his care.

Employee also came under the care of Dr. Tyler Staelin in August 2022 for right wrist pain. On September 7, Dr. Staelin noted that her right wrist pain "resolved uneventfully with no permanent damage or symptoms." He anticipated no further treatment and assigned a 0% impairment rating with no permanent work restrictions.

In July 2023, Employee filed a petition for benefit determination, disputing Dr. Snowden's 0% impairment rating and contending he had instead "assigned an impairment rating of 1% to the body as a whole." Following an unsuccessful mediation, the mediator issued a dispute certification notice in September 2023, identifying the disputed issues as permanent partial disability benefits, temporary disability benefits, and medical benefits. The court entered a scheduling order with discovery deadlines, and the parties engaged in discovery. On November 27, Employer filed a Motion in Limine to Exclude Plaintiff's Documentary Evidence as Substantive Evidence, contending that the documentary evidence Employee submitted contained inadmissible hearsay due to her addition of handwritten notes on certain documents. Employee filed a response, and, on January 31, 2024, the court entered an order granting Employer's motion, concluding that Employee's filings with notations and internet research constituted inadmissible hearsay.

In April 2024, Employer filed a notice of its intent to use Standard Form Medical Reports ("Form C-32(s)") of Dr. Smith and Dr. Snowden. In response, Employee filed a motion to strike Employer's notice of intent to use the Form C-32s, contending they were deficient. In reply, Employer argued that the Form C-32s were admissible pursuant to Tennessee Code Annotated section 50-6-235(c)(2) and Tenn. Comp. R. and Regs. 0800-02-01-.09. Employee also filed multiple motions seeking to compel the production of various records from medical providers. On April 26, Employer filed the Form C-32 of Dr. Staelin, a motion for summary judgment and supporting memorandum of law, and a statement of undisputed facts. Employee filed a response to Employer's motion on April 27, and agreed that it was undisputed that Dr. Staelin did not assign a permanent impairment. However, Employee disputed two material facts related to her impairment as alleged by Employer: (1) that Dr. Smith had assigned a 0% permanent partial impairment rating for her knee condition; and (2) that Dr. Snowden had assigned a 0% permanent partial impairment rating for her back condition.

On April 29, Employee filed an email and attached the previous Form C-30A completed by Dr. Snowden reflecting his original 1% impairment rating. This document was stamped filed, and there is nothing in the record indicating Employer objected or sought to have the filing stricken. That same day, the court issued an order denying Employee's motions seeking to compel the production of medical records and her motion to strike the Form C-32s. In its order, the court relied on *Sadeekah v. Abdelaziz d/b/a Home Furniture and More*, No. 2020-06-0218, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *11 (Tenn. Wrk. Comp. App. Bd. June 22, 2021) for the proposition that Form C-32s are "admissible at any stage of a workers' compensation claim in lieu of a deposition" when filed in compliance with Tennessee Code Annotated section 50-6-

235(c).  The court determined that although Employee lodged a timely objection to the use of the Form C-32s, her objection only permits her an opportunity to "depose [the doctors] within a reasonable period of time" or the "objection shall be deemed waived." *Id.*  In addition, the court concluded that discrepancies noted in Employee's motion were not grounds for the exclusion of the Form C-32 pursuant to Tennessee Code Annotated section 50-6-235.  The court explicitly cautioned Employee that "handwriting her arguments or any other notes onto documentation intended as an exhibit constitutes inadmissible hearsay under Tenn. R. Evid. 802."  Although the court denied her motion, it advised Employee that she still had time to depose any expert witness under the terms of the scheduling order.

Also on April 29, Employee filed medical records of an unauthorized physician, Dr. James N. Johnson.  Employer filed a standing objection to Employee's filing of medical records, asserting they constituted inadmissible hearsay.  On May 15, Employee filed a C-30A Final Medical Report from Dr. Douglas Long, an unauthorized chiropractor, to which Employer also objected.  Although Dr. Long's statement of qualifications was attached, the permanent impairment section of the form was left blank.

On June 3, 2024, the trial court heard Employer's motion for summary judgment. Thereafter, it issued a compensation order granting the motion, concluding there was no genuine issue of material fact regarding Employee's lack of permanent medical impairment.[1]  Given the acknowledged compensability of the work accident, however, the court ordered Employer to provide any future reasonable and necessary medical treatment for Employee's work-related injuries.

Employee filed a notice of appeal on July 9 and a statement of the evidence on July 18.  Employer filed an objection to Employee's statement, and, on July 25, the court issued an order noting that a statement of the evidence is not necessary in this appeal as the parties presented no witness testimony for the court's consideration.

### Standard of Review

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct.  *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015).  As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  *Id.*  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in

---

[1] The trial court characterized its order as granting *partial* summary judgment.  However, because the court resolved all disputed issues in the case, it appropriately issued a compensation order in accordance with Tennessee Code Annotated section 50-6-239(c)(2).

accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

## Analysis

As noted on multiple occasions, the Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.*

*Rye*, 477 S.W.3d at 264-65 (emphasis in original). Here, the first question is whether Employer met its burden of either affirmatively negating an essential element of Employee's claim or demonstrating that Employee's evidence is insufficient to establish her claim for permanent disability benefits at the summary judgment stage. If that initial burden has been met, we must then consider whether Employee has presented any evidence that establishes the existence of a disputed issue of material fact.

In her notice of appeal, Employee provided the following statement of her issues on appeal:

> [Forms] C30 and C32 for Dr. Stuart Smith and Dr. Ryan Snowden. Causation, work status, medical opinion, impairment rating, timely filing with Bureau of Workmans [sic] Comp, no state file numbers, MMI dates changed.

In her brief on appeal, Employee provides a summary of the medical care she received for her work-related injuries and asserts that Dr. Smith's 0% impairment rating is incorrect because he "stated the injury resulted in permanent impairment on original C30 in 2022." She also disputes the rating assigned by Dr. Snowden, contending he "gave a 1% impairment rating on [the] original C30 final med report" and argues that Dr. Long's Form C-32 should have been considered by the trial court. Employer contends the trial

5

court did not err in granting its motion. It further argues that Employee failed to come forward with any admissible evidence supporting entitlement to a permanent partial disability award "in light of the fact that no permanent partial impairment has ever been assigned as required by Tennessee Code Annotated section 50-6-207(3)(A)."

We first note that Employee is self-represented in this appeal, as she was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> [C]ourts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). Nonetheless, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye,* 477 S.W.3d at 250.

Here, Employer complied with Tennessee Code Annotated section 50-6-235 by timely notifying Employee of its intent to use Form C-32s of the physicians in lieu of depositions. Although Employee objected to their use, she did not depose the doctors within a reasonable time or request a continuance; in fact, she indicated to the court that she did not intend to depose the physicians prior to trial. The trial court also reminded Employee of the deadline to depose witnesses in its denial of her motion to strike Employer's Form C-32s.[2] As the court noted in its order, a permanent impairment rating is an essential element of a claim for permanent partial disability benefits, and it cannot award permanent partial disability benefits without such a rating. *See Baumgardner v. United Parcel Service, Inc.*, No. 2015-05-0619, 2017 TN Wrk. Comp. App. Bd. LEXIS 63, at *11 (Tenn. Workers' Comp. App. Bd. Oct. 18, 2017) ("[A]bsent a permanent medical impairment rating, there is no statutory mechanism by which a trial court can award permanent partial disability benefits.") Thus, we agree that Employer met its burden of production under Rule 56 and shifted the burden to Employee to come forward with evidence of a disputed issue of material fact.

---

[2] The Form C-32s were copies of originals and, thus, admissible unless Employee raised a genuine question as to their authenticity pursuant to Tennessee Code Annotated section 50-6-235(c)(2), which she did not do at the trial level. To the extent Employee questions their authenticity now, we deem that argument waived. *See, e.g., Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14-15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (stating that issues not raised in the trial court are generally considered waived).

Because Employer met its burden, we must now consider whether Employee submitted any documentation allowed by Rule 56 to create a genuine issue of material fact such that summary judgment was inappropriate. Rule 56 contemplates that a judge may consider, in the context of a motion for summary judgment, "pleadings, depositions, answers to interrogatories, admissions on file, [and] affidavits, if any." Here, although Employee filed voluminous medical records and other medical documents, including the Form C-32 of Dr. Long and Form C-30As from Dr. Snowden and Dr. Smith, these documents were not submitted in an admissible form. Medical records, standing alone, are not included within the scope of materials a court can consider in response to a motion for summary judgment. *Sadeekah*, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *13. Thus, we conclude Employee failed to meet her burden of establishing that a genuine issue of material fact exists regarding the existence of permanent medical impairment, and summary judgment was appropriate.

**Conclusion**

For the foregoing reasons, the trial court's order granting Employer's motion for summary judgement is affirmed. Employee is not entitled to permanent partial disability benefits, but she remains entitled to reasonable and necessary medical care that is causally related to her compensable work-related injuries. The trial court's order is certified as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carma Kean | ) | Docket No. 2023-06-4955 |
| | ) | |
| v. | ) | State File No. 21448-2022 |
| | ) | |
| Navion BKE Bellevue, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of September, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Carma Kean | | | | X | carmaiskean@gmail.com |
| John W. Barringer, Jr. | | | | X | jbarringer@manierherod.com<br>pcarr@manierherod.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov